**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE GUADALUPE JIMENEZ-
BARRIOS, a/k/a Jose Jimenez,

    Defendant - Appellant.

No. 23-5078
(D.C. No. 4:21-CR-00398-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jose Guadalupe Jimenez-Barrios pleaded guilty to engaging in a conspiracy

involving 50 grams or more of a mixture or substance containing methamphetamine.

He received a 324-month sentence. He filed this appeal even though his plea

agreement contained an appeal waiver.

The government moves to enforce the appeal waiver. *See United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Jimenez-

Barrios's attorney has responded, opining that it would be frivolous to oppose the

government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967).

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We invited Mr. Jimenez-Barrios to respond himself, but he has not done so.  Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would indeed be frivolous.  *See id.*  We conclude it would.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.***  Mr. Jimenez-Barrios waived the right to appeal his conviction and sentence with one exception—he retained the right to appeal the sentence if it exceeded the statutory maximum.  He faced a statutory maximum of 40 years, and he received a sentence of 324 months, which is less than that (27 years).  So his waiver covers this appeal.

***Knowing and voluntary waiver.***  To determine if a waiver was knowing and voluntary, we typically focus on two factors—whether the plea agreement says the defendant entered into it knowingly and voluntarily, and whether the district court conducted an adequate plea colloquy.  *See id.*

These two factors show a knowing and voluntary waiver here.  The plea agreement describes the appeal waiver clearly, and Mr. Jimenez-Barrios acknowledged in the agreement that his waiver was knowing and voluntary.  And during the plea colloquy, he confirmed that he understood he was waiving the right to appeal.

***Miscarriage of justice.***  Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings.  *See id.* at 1327.  We see nothing suggesting that enforcing the waiver here will result in a miscarriage of justice.

*     *     *

We grant defense counsel's motion to withdraw.  We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam